NUMBER 13-08-00022-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


STEVEN CURTIS LEWIS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 163rd District Court


of Orange County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 Appellant, Steven Curtis Lewis, was convicted for the offense of aggravated robbery
and was sentenced to eighteen years' imprisonment. See Tex. Penal Code Ann. §
29.03(a) (Vernon 2003). Lewis now appeals, contending that his counsel was ineffective
for failing to present sufficient mitigation evidence and for producing no witnesses to testify
at the sentencing phase of the trial. We affirm.

I. Background

 On January 25, 2007, an Orange County grand jury indicted Lewis on two counts
of aggravated robbery. (1) See id. On September 19, 2007, Lewis sent a request to his
attorney asking that she remove herself from the case, in part because he believed she
was a "plea bargain lover [and] not a trail [sic] attorney." Subsequently, his attorney filed
a motion to withdraw as counsel. At a hearing on September 20, 2007, Lewis expressed
his discontent with his appointed attorney and asked the court to be assigned new
representation. The court denied counsel's motion to withdraw. On September 24, 2007,
the trial court held a plea hearing at which Lewis pleaded guilty to count one of the
indictment. The court also ordered a pre-sentence investigation report to be prepared.

 The sentencing hearing took place on October 18, 2007, at which point the trial
court permitted Lewis to make a statement requesting leniency. In response to the State's
argument that Lewis's criminal history be considered in determining his punishment,
Lewis's attorney urged that his actions were not premeditated and asked that the judge
take into account Lewis's grandmother's ill health and his desire to have a life with her after
his release from the penitentiary. The trial court, taking note of the pre-sentence
investigation report, the arguments of counsel, and Lewis's statement, sentenced Lewis
to eighteen years' confinement in the Institutional Division of the Texas Department of
Criminal Justice. The judgment and sentence were entered on October 24, 2007. Lewis
now appeals.

II. Discussion

 By his sole issue, Lewis contends that his Sixth Amendment right to counsel was
violated because his counsel was ineffective for failing to present sufficient mitigating
evidence and for producing no witnesses to testify at the sentencing hearing. See U.S.
Const. amend. VI.

 To establish ineffective assistance of counsel, Lewis must show (1) his attorney's
representation fell below an objective standard of reasonableness, and (2) there is a
reasonable probability that, but for his attorney's errors, the result of the proceeding would
have been different. See Strickland v. Washington, 466 U.S. 668, 684 (1984); Hernandez
v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Jaynes v. State, 216 S.W.3d 839, 851
(Tex. App.-Corpus Christi 2006, no pet.). Whether this test has been met is to be judged
on appeal by the totality of representation, not by any isolated acts or omissions. Jaynes,
S.W.3d 839 at 851. The burden rests on the appellant to prove ineffective assistance of
counsel by a preponderance of the evidence. Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999) (citing Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984)). Our review of counsel's representation is highly deferential, and we will find
ineffective assistance only if the appellant overcomes the strong presumption that his
counsel's conduct fell within the wide range of reasonable professional assistance. See
Strickland, 466 U.S. at 689; Jaynes, 216 S.W.3d at 851. Moreover, the acts or omissions
that form the basis of appellant's claim of ineffective assistance must be supported by the
record. Thompson, 9 S.W.3d at 814; Jaynes, 216 S.W.3d at 851. A silent record which
provides no explanation for counsel's actions usually will not overcome the strong
presumption of reasonable assistance. Thompson, 9 S.W.3d at 813-14.

 Lewis claims that his counsel offered insufficient mitigating evidence at sentencing. 
The only evidence brought on his behalf was his own self-serving statement; Lewis
contends that a reasonably prudent attorney would have done more than merely have the
defendant ask the court for leniency. Specifically, Lewis asserts that his counsel should
have put witnesses on the stand to explain his background and why he should be granted
leniency. However, Lewis has not indicated what, if any, witness testimony or other
mitigating evidence could have been produced that might have altered the outcome of the
sentencing hearing. (2) Lewis asserts that the trial court was "not given anything to work with"
at trial and argues that if adequate mitigation evidence had been provided, the trial court
may have had reason to order a lesser sentence. However, contrary to Lewis's assertion,
the record shows that the trial court did have the opportunity to review a pre-sentence
investigation report and Lewis's plea for leniency in determining his sentence. Lewis baldly
asserts that "[i]t can never be said to be prudent trial strategy to present such little
mitigation evidence." But Lewis has shown no reasonable probability that, but for counsel's
allegedly deficient performance, the result of the sentencing phase would have been
different. See Strickland, 466 U.S. at 684; Hernandez, 726 S.W.2d at 57; Jaynes, 216
S.W.3d at 851.

 Moreover, the record reveals no reasoning for his counsel's actions regarding the
alleged errors. Lewis, therefore, has failed to meet his burden in rebutting the strong
presumption of reasonable assistance, see Jaynes, 216 S.W.3d at 851, and he has failed
to establish that counsel's representation fell below an objective standard of
reasonableness. See Lockett v. State, 874 S.W.2d 810, 817 (Tex. App.-Dallas 1994, no
writ) (explaining that the court will overrule appellant's claim if nothing in the record shows
appellant's counsel's performance fell below an objective standard of reasonableness).

 We conclude that Lewis has not shown that his trial counsel offered ineffective
assistance of counsel. Accordingly, his sole issue is overruled.III. Conclusion

 We affirm the judgment of the trial court.



 

 DORI CONTRERAS GARZA,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and

filed this the 26th day of June, 2008.
1. The first count of the indictment alleged that Lewis:


. . . while in the course of committing theft and with intent to obtain and maintain control of
property of Ronald Mills, without effective consent of the said Ronald Mills, and with the intent
to deprive that said Ronald Mills of said property, did then and there by using and exhibiting
a deadly weapon, to wit: a knife, that in the manner of its use and intended use is capable
of causing serious bodily injury and death, intentionally and knowingly cause bodily injury to
Ronald Mills by stabbing the said Ronald Mills with said knife.


See Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003). The second count alleged that Lewis:


. . . while in the course of committing theft of property of Ronald Mills, and with intent to
obtain and maintain control of said property, [did] intentionally and knowingly cause serious
bodily injury to Ronald Mills by stabbing the said Ronald Mills with a knife.


See id. § 29.03(a)(1) (Vernon 2003).
2. Lewis states that his counsel "should have put witnesses on the stand that further explained the
history of Mr. Lewis and how it had formed the individual he is today. She could have found former teachers,
relatives, neighbors, or friends that could complete this picture." Lewis does not, however, specify what any
such testimony would have revealed, nor does he explain how any such testimony might have led to a lesser
sentence.